Lott v. Ballaud.

EMILY K. LOTT V. KEDAR BALLAUD AND ANOTHER.

Where an account against the estate of a deceased person is approved by the Probate Judge, and such approval is charged by a party interested in the estate to have been procured by a fraudulent combination of the representatives of the estate and others, the District Court has jurisdiction to interpose and arrest the fraud.   And this is in addition to the remedies by appeal and *certiorari.*

Appeal from Austin.   Tried below before the Hon. J. H. Bell.

The facts are stated in the Opinion of the Court.

*F. Lipscomb*, for appellant.  The petition charges a fraudulent combination by the defendants in procuring the account of the executrix to be allowed as a claim against the estate of Wm. H. Lott.  Therefore it was error in the Court below to have sustained the plea to the jurisdiction of the Court.  (Dobbin, Adm'r v. Bryan, 5 Tex. R. 283 ; Newson v. Chrisman, 9 Tex. R. 114 ; Hart. Dig. 1230, 1242.)  Besides, the remedy by appeal or *certiorari* is simply directory, not an absolute requirement, forbidding other remedies, and especially upon a question of fraud, as in the case at bar.

*Hunt & Holland*, for appellees.  The Constitution (Art. 4, Sec. 15,) provides that the District Court shall have such original and appellate jurisdiction over Probate Courts, administrators, guardians, &c., as may be prescribed by law ; and Art. 642, of the Digest, prescribes and defines the extent of that jurisdiction ; and it is respectfully submitted, that no law can be shown conferring original jurisdiction upon the District Court in any case like the one here presented.  This being an executor's claim against the estate of the testator, it is governed by very different rules and provisions of law from claims, in general, against estates.  This is emphatically a judicial proceeding, in open Court, upon the bearing of proof, at a term designated in the law, which is notice to everybody ; for— " *Ignorantia legis neminem excusat* "—the right to appeal from the judgment rendered is expressly given to any person interested, and the time of three months allowed in which to take the appeal—differing, in this particular, from any and all other cases of appeal from the County Court,—only fifteen days being allowed in all other cases of appeal from that Court. (Hart. Dig., Arts. 1232 & 1242.)  All the cases heretofore decided by this Court, sustaining the original jurisdiction of the District Court in matters pertaining to estates, were such as that the person only of the executor, administrator, or guardian, and not the County Court, was to be acted upon.

Lott v. Ballaud.

(4 Tex. R. 381; 5 Tex. R. 276; 9 Tex. R. 113, 117; 11 Id. 102; 12 Id. 159, 160; see also Bouvier's Law Dic., Tit. "JURISDICTION.")

HEMPHILL, CH. J. We are of opinion that there was error in dismissing the cause for the want of jurisdiction. The plaintiff, as guardian of the minor heirs of the deceased Wm. H. Lott, charges a fraudulent combination between the defendants to have the account approved as valid against the estate. The account is drawn for and as if for payments made by Martha Lott, the executrix, but it closes by stating the balance or amount of the account as due to James W. Lott, one of the defendants; and it was authenticated by his oath on the day of its allowance, and approved by the County Court as a claim due the executrix, Martha Lott. It is charged, also, that the defendants, James W. Lott and Martha Lott, had a full settlement with Wm. H. Lott of all business matter existing between them; and that James W. Lott, at that time, aided and assisted by Martha, endeavored to have said account recognized and paid by the said Wm. H. Lott, but that he refused and disallowed the same. That the said James W. having presented the account to Wm. H. Lott, in his life time, as his own, and having been refused payment, fraudulently confederated, after the death of Wm. H., with his executors, viz: the said Martha and Kedar Ballaud, the approval and allowance of the account, &c. It is also charged, that all the items of the account were barred by the Statute of Limitations before it was presented for allowance and approval. The charges present such a case of combination and fraud as to authorise the interposition of the District Court. We have held, in several cases, that the District Courts have jurisdiction to arrest fraudulent combinations between the representatives of estates and others confederating to injure those who have an interest. (Dobbin v. Bryan, 5 Tex. R. 276; 9 Tex. R. 114.)

And this is in addition to the remedies given by appeal and *certiorari*. The account in this case, being claimed as due to the executrix, was approved by the County Judge, under Art. 1242, Dig.; and by that Article an appeal within three months after the approval is given to any one interested in the estate. But the remedy is not exclusive ; and if it were, it would amount, in many cases, to a denial of justice. The heirs and others interested in the estate are not required to be summoned, and may be unapprized of the decision for months afterwards, and particularly when there are minors, as in this instance, who may know nothing of it until after the appointment of a guardian.

We deem the facts charged sufficient to authorise the jurisdiction of the District Court in the mode in which it was sought. Let the judgment be reversed and cause remanded.

Reversed and remanded.